IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-81,439-02




EX PARTE RICARDO SANCHEZ, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1270992-B IN THE 185TH DISTRICT COURT
FROM HARRIS COUNTY




            Per curiam. 

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver a controlled substance and sentenced to twenty-five years’ imprisonment. The
Fourteenth Court of Appeals affirmed the judgment of conviction. Sanchez v. State, No. 14-11-00690-CR (Tex. App.—Houston [14th Dist.] 2012, pet. ref’d).
            Applicant contends that his guilty plea was involuntary. The trial court made findings of fact
and conclusions of law and recommended that we grant relief. It found, among other things, that
after Applicant pleaded guilty, he was indicted by a federal grand jury for felon in possession of a
firearm and conspiracy with intent to distribute a controlled substance. This finding is supported by
the record. We believe, however, that the record is not sufficient to resolve Applicant’s claim. 
            Applicant has alleged facts that, if true, might entitle him to relief. Santobello v. New York,
404 U.S. 257 (1971). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.
            Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make further findings of fact as to the status of Applicant’s federal
charges. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
Delivered: June 18, 2014
Do not publish